IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| **CHANNEL BAKER,**<br><br>            **Plaintiff,**<br>v.<br><br>**SIZZLING PLATTER, INC.; SIZZLING PLATTER, L.L.C.; all entities dba Red Robin and dba Red Robin Layton; and JOHN DOES 1-5,**<br><br>            **Defendants.** | **MEMORANDUM DECISION AND ORDER**<br><br>**Case No. 2:06cv1045**<br><br>**District Judge Dee Benson**<br><br>**Magistrate Judge Paul M. Warner** |

This matter was referred to Magistrate Judge Paul M. Warner by District Judge Dee Benson pursuant to 28 U.S.C. § 636(b)(1)(A).[1]  Before the court are Sizzling Platter, Inc.'s ("Defendant") motion to compel discovery[2] and motion for sanctions.[3]  The court has carefully reviewed the memoranda submitted by the parties.  Pursuant to civil rule 7-1(f) of the United States District Court for the District of Utah Rules of Practice, the court elects to determine the

---

[1] This case was initially assigned to District Judge Paul G. Cassell, *see* docket no. 1, who entered the original order referring this case to Magistrate Judge Warner pursuant to 28 U.S.C. § 636(b)(1)(A).  *See* docket no. 19.  On November 9, 2007, this case was reassigned to District Judge Dee Benson, *see* docket no. 24, who affirmed that order of reference.  *See* docket no. 25.

[2] *See* docket no. 15.

[3] *See* docket no. 22.

motions on the basis of the written memoranda and finds that oral argument would not be helpful or necessary.  *See* DUCivR 7-1(f).

Defendant contends that over the course of several months, it has made diligent and good faith, but futile, efforts to work with Channel Baker ("Plaintiff") and her counsel regarding various discovery matters.  Accordingly, Defendant moves this court for an order (1) compelling Plaintiff to respond to Defendant's First Set of Interrogatories and First Requests for Production of Documents (collectively, the "discovery requests"), (2) compelling Plaintiff to appear for a deposition at the offices of Defendant's counsel within thirty days after service of Plaintiff's responses to the discovery requests, and (3) sanctioning Plaintiff and her counsel by requiring them to pay Defendant's reasonable costs and attorney fees incurred in connection with this motion.

Defendant served its discovery requests on Plaintiff's counsel on July 10, 2007.  On July 25, 2007, Defendant served a Notice of Deposition on Plaintiff stating Defendant's intentions to depose Plaintiff on August 30, 2007.  In response, on July 27, 2007, counsel for Plaintiff sent an e-mail to counsel for Defendant stating that August 30 was not going to work with his schedule and that he would inform Defendant's counsel of possible dates the following week.

On July 30, 2007, Plaintiff's counsel e-mailed Defendant's counsel and stated that Plaintiff, who lives in Texas, would have a difficult time traveling to Utah for a deposition and suggested that counsel for both parties travel to Texas to take Plaintiff's deposition.  On July 31, 2007, counsel for Defendant e-mailed Plaintiff's counsel and explained that because Plaintiff elected to sue in this forum, and availed herself of this jurisdiction, Defendant was entitled to

take her deposition here rather than incur unnecessary travel expenses to Texas.  Counsel for Defendant then suggested that they work together to find a mutually agreeable date at the end of August or beginning of September for Plaintiff's deposition in Utah.  That same day, Plaintiff's counsel replied by stating that he would speak with his client to "see her views."

Pursuant to rules 33 and 34 of the Federal Rules of Civil Procedure, Plaintiff's responses to the discovery requests were due on August 13, 2007.  *See* Fed. R. Civ. P. 33(b)(3), 34(b).  On August 16, 2007, Defendant's counsel e-mailed Plaintiff's counsel regarding the status of Plaintiff's responses and again requested an alternative deposition date.  Plaintiff's counsel responded by e-mail and stated that he was working on obtaining the responses from Plaintiff but that he needed more time, and that Plaintiff's deposition would possibly need to be pushed back several months, to early 2008.

On August 17, 2007, counsel for Defendant responded with a lengthy e-mail indicating that Defendant strongly objected to putting the case on hold for that long and once again asking Plaintiff to cooperate in an acceptable discovery and deposition time frame.  On August 21, 2007, counsel for Plaintiff sent an e-mail in response that stated, "I'm not sure if I answered this, We are waiting for my client's reply to this."  On August 22, 2007, Defendant's counsel sent an e-mail to counsel for Plaintiff expressing her displeasure with Plaintiff's delays.  Counsel further stated that if Plaintiff failed to respond to the requests, she would seek court intervention.

Counsel for Plaintiff responded to the August 22, 2007 e-mail by stating that Plaintiff "feels frustrated by the process" and that he was waiting "to hear back from her."  Defendant's counsel responded to this e-mail by again attempting to obtain a commitment and by stating that

3

she would give Plaintiff until August 24, 2007, to respond to the discovery requests before seeking court intervention.

Plaintiff's counsel sent a second e-mail that same day to inform Defendant's counsel that a deposition could be scheduled for October l, 2007, or October 3, 2007.  Counsel for Defendant replied and explained that she had conflicts with both of those dates and provided several alternative dates within a week or two of October 1 or 3.

On August 30, 2007, Plaintiff's counsel's legal assistant called Defendant's counsel's office stating that Plaintiff could be deposed at the end of November 2007.  On August 31, 2007, Defendant's counsel e-mailed Plaintiff's counsel and stated that such a lengthy delay was totally unacceptable, but that her schedule had cleared, permitting a deposition on October 1.  She also informed Plaintiff's counsel that the October 1 date would work only as long as she received the discovery responses in full by September 24, 2007.

On September 5, 2007, Plaintiff's counsel e-mailed Defendant's counsel stating he had forwarded the date for the deposition to his client.  He also indicted that he had received some documents from Plaintiff and was in the process of reviewing them.

On September 12, 2007, Defendant's counsel emailed Plaintiff's counsel again asking whether the deposition was going to take place on October 1.  On September 17, 2007, Plaintiff's counsel responded and stated that Plaintiff would let him know of her intentions "on this whole case" the following day.  On September 18, 2007, counsel for Defendant e-mailed Plaintiff's counsel requesting that he inform her of Plaintiff's intentions.  Plaintiff's counsel did not reply to that e-mail.  On September 24, 2007, Defendant's counsel e-mailed Plaintiff's counsel again

asking whether Plaintiff intended to attend the October 1, 2007 deposition, provide the discovery responses, and move forward with the case.

At the end of the day on September 25, 2007, the legal assistant to Plaintiff's counsel left a message for Defendant's counsel indicating that Plaintiff would be available for a deposition on October 1, 2007. Upon receiving that message, Defendant's counsel e-mailed Plaintiff's counsel to inform him that the deposition would not go forward on October 1 because Plaintiff had failed to respond to the discovery requests and counsel did not have sufficient time, or the discovery responses, necessary to prepare for the deposition. Defendant's counsel also indicated that until she received Plaintiff's discovery responses and had adequate time to review them, the deposition would not take place. Lastly, Defendant's counsel informed Plaintiff's counsel that she intended to file a motion to compel and for sanctions.

On September 28, 2007, Defendant filed the instant motions. On October 8, 2007, Plaintiff filed a pleading entitled, "Plaintiff's Motion in Response to Defendant's Memorandum in Support of its Motion to Compel Discovery and for Sanctions" and a memorandum in opposition to Defendant's motions. On October 18, 2007, Defendant filed a reply memorandum in support of its motions.

In her opposition memorandum, Plaintiff does not contest Defendant's version of events except to state that "counsel for the Defendant tries to paint Plaintiff's counsel as being somehow derelict in this matter. Rather by Defendants' own statements, counsel for the Plaintiff has tried to obtain the requested information from the Plaintiff." Plaintiff has not contested the appropriateness of the court compelling her responses to the discovery requests and compelling

her appearance for a deposition in Utah.  Accordingly, the court **GRANTS** Defendant's motion to compel and **ORDERS** Plaintiff to provide responses to the discovery requests within fifteen (15) days of the date of this order.  Plaintiff is also **ORDERED** to appear for a deposition in Utah within thirty (30) days after service of her discovery responses.

Plaintiff does, however, contend that sanctions are not warranted in this matter because (1) Plaintiff's counsel has attempted to work with Defendant's counsel to comply with Plaintiff's discovery obligations; (2) Plaintiff resides in Texas and the requested documents are in storage in Utah; (3) Plaintiff's current employer does not allow her to take leave for the purposes of being deposed; and (4) Plaintiff offered to appear for a deposition in Texas, which was refused by Defendants.

The court has determined that Plaintiff's excuses are entirely without merit.  Plaintiff chose to sue Defendant in this forum.  The fact that she now lives in Texas is of no moment to the court.  Plaintiff has an obligation to cooperate in discovery.  It is her responsibility, as the plaintiff in this matter, to aid her counsel in moving this case forward.  She has utterly failed to do so, and the court concludes that sanctions are appropriate.

Rule 37(a)(4) of the Federal Rules of Civil Procedure specifically authorizes an award of expenses, including attorney fees, associated with bringing a motion to compel discovery.  *See* Fed. R. Civ. P. 37(a)(4).  The rule provides that a court shall require the party whose conduct necessitated the motion to pay the other party's expenses and fees unless the failure to respond was substantially justified or an award of expenses would otherwise be unjust.  *See id.*

The court concludes that Defendant has made the good faith, reasonable efforts to obtain the requested discovery as required by rule 37 of the Federal Rules of Civil Procedure and civil rule 37-1 of the United States District Court for the District of Utah Rules of Practice.  *See* Fed. R. Civ. P. 37(a)(2)(B), (a)(4)(A); DUCivR 37-1.  The court also finds that Plaintiff's implicit refusal to respond to Defendant's discovery requests or appear for a timely deposition was not "substantially justified."  Fed. R. Civ. P. 37(a)(4)(A).   Nor are there "other circumstances" that would make awarding expenses unjust.  *Id.*  The Federal Rules of Civil Procedure are of no value unless they are adhered to voluntarily; or, in the alternative, enforced when voluntary compliance is not forthcoming.  Accordingly, Defendant's motion for an award of attorney fees incurred in bringing its motion to compel is **GRANTED**.

While the court finds that Plaintiff's counsel could have been more diligent in obtaining the requested information from Plaintiff, the court concludes that it would not be appropriate to require Plaintiff's counsel to pay the attorney fee award.  *See id*.  Instead, Plaintiff shall be responsible for paying the award.  *See id*.

In order to obtain their award, Defendant shall submit to the court within ten (10) days of the date of this order an affidavit and cost memorandum detailing the attorney fees incurred in bringing its motion to compel and demonstrating the reasonableness of such fees.  After receipt of said affidavit and cost memorandum, and provided that the stated fees are reasonable, the court will enter an order finalizing the award.

In summary, **IT IS HEREBY ORDERED**:

1. Defendant's motion to compel[4] is **GRANTED**. The court **ORDERS** Plaintiff to provide responses to the discovery requests within fifteen (15) days of the date of this order. Plaintiff is also **ORDERED** to appear for a deposition in Utah within thirty (30) days after service of her discovery responses.

2. Defendant's motion for sanctions[5] is **GRANTED**. Defendant shall submit to the court within ten (10) days of the date of this order an affidavit and cost memorandum detailing the attorney fees incurred in bringing its motion to compel.

**IT IS SO ORDERED.**

DATED this 6th day of December, 2007.

BY THE COURT:

PAUL M. WARNER
United States Magistrate Judge

---

[4] *See* docket no. 15.

[5] *See* docket no. 22.